[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Anna Feigelman and Cvi Freedman, have appealed pursuant to C.G.S. § 7-255 from the imposition of sewer user charges by the defendant City of West Haven Water Control Authority on apartment buildings owned by them and located at 114, 116 and 118 Elizabeth Street in West Haven.
The defendant has admitted some of the allegations of the plaintiffs' amended appeal, and the parties have submitted two sets of written stipulations of fact, documents designated as the record, and the testimony of two witnesses, Anna Feigelman and Abdul Quadar.
The plaintiffs made the same legal claims as were made in the appeals captioned Harold Z. Kave. Trustee et al v. City of WestHaven Water Pollution Authority, CV95-374787 and Harold Z. Kaye,Trustee et al v. City of West Haven Pollution Control Authority,
CV94-382061. The three cases were consolidated for trial because they present the same issues. Counsel for the plaintiffs was the same in all three cases.
The plaintiffs, Anna Feigelman and Cvi Freedman, established that they own three apartment buildings that contain sixty-six residential apartments at 114, 116 and 118 Elizabeth Street and that they have been charged a separate residential sewer use fee in the amount of $134.00 for each of the 66 apartments, rather than charges based on actual water consumption for each building, as for a commercial building that used more than 91,250 gallons of water per year. The parties have stipulated that the actual water usage of the plaintiffs' apartment buildings was 3,141,000 gallons of water in 1992; 3,310,500 gallons in 1993; 2,685,000 gallons in 1994; and 3,125,500 in 1995. Based on a charge of $134.00 for each of sixty-six units, the plaintiffs had been billed $8,844.00 for sewer use charges for 1995 and 1996. If the apartment buildings were charged as a commercial user, the charge for 1995 would have been $4,690.00.
Other than the findings made above, the plaintiffs provided the same evidence and claims as have been discussed in the memorandum of decision as to the two companion cases.
This court finds that the plaintiffs in this case are aggrieved but finds that they have not established their claims of violation of C.G.S. § 7-255, of West Haven Code of Ordinances § 222-21 as it incorporates the standards required by the federal Clean Water Act and effectuating regulations, or CT Page 3859 of the due process and equal protection clauses of the federal and state constitutions.
This court incorporates as the decision in this case its discussion of the claims of law in the companion cases.
The appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court